**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| L. SEVILLE PARKS, | ) |
| | ) |
| Plaintiff, | )   **3:06-cv-00096-LRH-VPC** |
| | ) |
| vs. | ) |
| | )   <u>ORDER</u> |
| DEBRA BROOKS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

On November 3, 2005, Plaintiff, Lawrence Seville Parks (Prisoner #56837) filed a complaint in the Seventh Judicial District Court in White Pine County, Nevada. Plaintiff's complaint is titled "Complaint for Negligent Recklessness and Deliberate Indifference N.R.S. 41.010." (Docket #1). On January 20, 2006, Defendant Debra Brooks was served with a summons and Plaintiff's complaint. None of the other eleven (11) defendants have been served with a summons or the complaint. On February 17, 2006, Defendant Brooks removed Plaintiff's complaint to federal court. Thereafter, on February 27, 2006, Defendant Brooks filed a Motion for Screening (28 U.S.C. §1915A). The court has granted Defendant's motion (Docket #23), and Plaintiff's complaint has now been screened.

Plaintiff's complaint ostensibly presents three (3) separate counts alleging violations of his Constitutional rights. In reality, however, Plaintiff's three counts each contain multiple rambling, generally incoherent claims for relief. It should also be noted at the outset that Plaintiff is well-known

to this court, having filed more than thirty (30) lawsuits which originated or were removed to the United States District Court of Nevada. Plaintiff has been deemed a vexatious litigant on more than one occasion (See, 3:01-cv-00020-HDM-RAM; 3:00-cv-00365-HDM-VPC).

Pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**A.     Count I**

Count I of Plaintiff's complaint seems to allege that Plaintiff's constitutional rights were violated when he was refused his request to be provided with a sanitary shower. According to Plaintiff, he was forced to shower after another inmate who is H.I.V. positive, and who left hair, soap and bodily fluids in the shower stall. Count I fails to state a claim and will be dismissed.

The Constitution does not mandate comfortable prisons. *Farmer v. Brennan,* 511 U.S. 825, 831 (1994), *quoting, Rhodes v. Chapman,* 452 U.S. 337 (1981). A prison official's deliberate indifference to a substantial risk of serious harm, however, may constitute a violation of the Eighth Amendment. *Id.,* at 828, *citing, Helling v. McKinney,* 509 U.S. 25 (1993), *Wilson v. Seiter,* 501 U.S. 294 (1991), *Estelle v. Gamble,* 429 U.S. 97 (1976). In order to demonstrate deliberate indifference, a prisoner must show two things. First, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.,* at 834, *citing, Helling,* 509 U.S. at 35. The prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Id.* Second, the prisoner must demonstrate that the official knew of and disregarded an excessive risk to inmate health or safety. *Id.*

Plaintiff's factual allegations in this case fail to rise to the level of an Eighth Amendment violation. Plaintiff is apparently concerned that he is being forced to shower after an inmate who is H.I.V. positive. Merely using a shower that is also used by an inmate with H.I.V., however, does not subject Plaintiff to a substantial risk of serious harm. *See Robbins v. Clarke*, 946 F.2d 1331 (8th Cir. 1991) (inmate not entitled to segregation of prisoners with AIDS or knowledge of their identities). *See also Glick v. Henderson*, 855 F.2d 536 (8th Cir. 1988) (refusing to grant inmate's request to order segregation of HIV-infected inmates because of inmate's fear of contracting HIV through shared work assignments, and refusing to order testing of food service inmates because of inmate's fear of eating food possibly prepared by HIV-infected inmates); *Muhammad v. Bureau of Prisons*, 789 F. Supp. 449 (D.D.C. 1992) (court denied writ of mandamus to compel isolation of those with AIDS); *Myers v.*

*Maryland Division of Corrections*, 782 F. Supp. 1095 (D. Md. 1992) (court denied request for mandatory segregation of HIV-positive inmates in housing and work assignments); *Portee v. Tollison*, 753 F. Supp. 184 (D.S.C. 1990), aff'd, 929 F.2d 694 (4th Cir. 1991) (inmate not entitled to segregation of prisoners with AIDS); *Cameron v. Metcuz*, 705 F. Supp. 454 (N.D. Ind. 1989) (court upheld prison's decision not to segregate AIDS infected inmate with a history of assaultive behavior since bitten inmate had not shown that prison officials knowingly put the plaintiff in danger); *Muhammad v. Frame*, Civ. A. No. 87-5282, 1987 WL 16889 (E.D. Pa. Sept. 11, 1987) (court dismissed section 1983 suit in which inmate alleged a violation of his rights because he shared a cell with HIV-infected and AIDS diagnosed inmates); *Foy v. Owens*, Civ. A. No. 85-6909, 1986 WL 5564 (E.D. Pa. Mar. 19, 1986) (inmate must show danger of infection to challenge failure of prison officials to segregate possible AIDS carriers); *Goss v. Sullivan*, 839 F. Supp. 1532 (D. Wyo. 1993) (inmate's request to segregate HIV-positive inmates, who had declared an intention to infect others, was denied, and failure to segregate was held not to be a violation of Eighth and Fourteenth Amendments).  Furthermore, because Plaintiff's use of the same shower as an H.I.V. positive inmate does not subject him to a substantial risk of serious harm, Plaintiff cannot demonstrate that Defendants knew of and disregarded such risk.  Count I fails to state a viable Eighth Amendment claim and will therefore be dismissed.

**B.     Count II**

Count II of Plaintiff's complaint seems to be completely unrelated to any of the other allegations contained in Plaintiff's complaint.  In Count II, Plaintiff alleges that a state court judge violated his constitutional rights by failing to consider his opposition to a motion to dismiss prior to deciding the motion.  Specifically, Plaintiff alleges that in state court case number CF-0412018, Defendant Papez, a state court judge, granted a motion to dismiss Plaintiff's case without first considering the opposition brief filed by Plaintiff in that case.  Because Defendant Papez is entitled to absolute judicial immunity, Count II will be dismissed.

1  Judges are immune from damage actions under § 1983 for judicial acts taken within the
2  jurisdiction of their courts. *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986), *See Bradley v.*
3  *Fisher*, 80 U.S. 335, 347, 20 L.Ed. 646 (1872). Title 42 U.S.C. § 1983 (1982) was not intended to
4  abolish the doctrine of judicial immunity. *Id., citing Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S.Ct.
5  1213, 1217-18, 18 L.Ed.2d 288 (1967). Judicial immunity applies "however erroneous the act may have
6  been, and however injurious in its consequences it may have proved to the plaintiff." *Id, citing*
7  *Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985).

8  In this case, Plaintiff alleges that a state court judge, acting in his official capacity,
9  wrongfully granted a motion to dismiss. Regardless whether granting the motion was erroneous or not,
10 the judge was acting within the jurisdiction of his court. The acts alleged in Plaintiff's complaint clearly
11 fall within the judicial immunity doctrine. Defendant Papez is immune from § 1983 claims, and Count
12 II will therefore be dismissed.

**C.  Count III**

Count III of Plaintiff's complaint begins with an allegation that prison officials violated
Plaintiff's constitutional rights by acting with deliberate indifference in failing to promptly respond to
Plaintiff's request to have his teeth cleaned. Plaintiff follows up that claim with a rambling series of
claims including:

> 1) that he was forced into an unsanitary cell;
> 2) that prisoners who assist him with his legal work are moved;
> 3) that he was subjected to a body cavity search;
> 4) that he was forced to wear restraints during a non-contact telephonic court hearing;
> 5) that he was denied drinking water and bathroom privileges;
> 6) that prison investigators refuse to conduct interviews regarding his complaints; and
> 7) that he was found guilty of some violation by prison officials without being interviewed by the investigator.

As stated above, the Constitution does not mandate comfortable prisons. It is well settled that:

> The Eighth Amendment is not a basis for broad prison reform. It requires neither that prisons be comfortable nor that they provide every amenity one might find desirable. Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of pain," which includes those sanctions that are "so totally without penological justification that it results in the gratuitous infliction of suffering."

*Hallett v. Morgan,* 296 F.3d 732, 745 (9th Cir. 2002), *quoting, Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982). Furthermore, delay "in providing a prisoner with dental treatment, standing alone, does not constitute an eighth amendment violation." *Id.,* at 746, *quoting, Hunt v. Dental Dept.,* 865 F.2d 198, 200 (9th Cir. 1989).

In this case, Plaintiff's allegation that prison officials delayed in responding to his request for a teeth cleaning does not state a valid Eighth Amendment claim and will be dismissed. The remainder of Plaintiff's claims are too vague and confusing to determine whether they may constitute Eighth Amendment violations or not. An Eighth Amendment violation cannot be based on a "totality of the circumstances" argument. *Hoptowit,* 682 F.2d at 1246. Only the specific prison conditions that violate the Eighth Amendment can be remedied by a District Court. *Id.* Plaintiff has bunched the remainder of his claims together as a single count, and it is therefore unclear whether he is making a totality of the circumstances argument, or whether he considers each claim to constitute a separate Eighth Amendment violation. Because the court must construe the factual allegations in a light favorable to Plaintiff, particularly where, as here, Plaintiff is proceeding pro se, the court will provide Plaintiff with the opportunity to submit an amended complaint which clarifies his remaining claims.

**IT IS THEREFORE ORDERED** that Counts I and II of Plaintiff's Complaint (Docket #1) are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the claim in Count III of Plaintiff's Complaint (Docket #1) that Plaintiff's Constitutional rights were violated when prison officials delayed in responding to his request to have his teeth cleaned is **DISMISSED**.

///
///
///
///
///

1  **IT IS FURTHER ORDERED** that Plaintiff shall, within thirty (30) days of the entry
2  of this order, submit an amended complaint which clarifies his remaining claims.  Failure to submit an
3  amended complaint in compliance with this order may result in this matter being dismissed in its
4  entirety.

5  DATED this 8th day of September, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE